# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1541 | **DATE** | 9/2/2004 |
| **CASE TITLE** | Cohn vs. AT&T | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment and motion to strike

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Order. For the reasons stated in the attached memorandum opinion and order, defendant AT&T's motion for summary judgment on Count II [20-1] is granted. Defendant's motion to strike [27-1] is denied. There being no other claims remaining against defendant AT&T, and no remaining defendants (on 3/18/04 the court dismissed with prejudice the other defendant in this case, Gulf State Credit d/b/a Palisades Collections, by motion of plaintiff), this case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 32 |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | RJ/KB | courtroom deputy's initials | 2004 SEP -2 PM 2:52 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Lisa Cohn, )
)
Plaintiff, )
) Case No. 03 C 1541
v. )
) Honorable Joan B. Gottschall
)
Gulf State Credit, L.L.C., )
d/b/a Palisades Corporation, )
)
AT&T Corporation, )
)
Defendants. )

DOCKETED
SEP 0 3 2004

MEMORANDUM OPINION AND ORDER

Plaintiff Lisa Cohn brought this two-count action against AT&T Corp. for defamation (Count II) and Gulf State Credit LLC, d/b/a Palisades Collection ("Gulf State") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Count I). On plaintiff's motion, on March 18, 2004, the court dismissed Gulf State with prejudice as a defendant in this case; plaintiff's FDCPA claim against Gulf State is accordingly dismissed with prejudice. Thus, the only items remaining before the court are defendant AT&T's motion for summary judgment on plaintiff's defamation claim and motion to strike plaintiff's affidavit.

I. BACKGROUND

Plaintiff's defamation claim against AT&T asserts that AT&T published inaccurate statements about an unpaid balance of $40.61 on her AT&T account to

various creditors, prospective grantors, and other credit-reporting agencies which caused her to suffer serious injury, namely, personal humiliation, embarrassment, mental anguish, and emotional distress. The following facts are undisputed.

In April 2000 plaintiff learned that AT&T sought to collect an unpaid balance of $40.61 on her account. At some later time plaintiff disputed this debt by contacting AT&T. On January 13, 2000, AT&T referred plaintiff's account to its internal review staff to assess whether the charge was valid after a notation appeared on her account that she disputed owing the $40.61. On January 18, 2000, AT&T concluded that plaintiff's $40.61 charge was actually owed.

Pursuant to AT&T procedures, plaintiff's debt was then placed with a collection agency while AT&T retained control over her account. This initial placement proved unsuccessful and plaintiff's debt was returned to AT&T. Plaintiff's debt was then placed with a second collection agency while AT&T retained control over her account. The second placement was also unsuccessful and plaintiff's debt was returned to AT&T. Finally, on January 17, 2002, in accordance with AT&T collection procedures, plaintiff's debt was sold outright to a third collection agency, OSI Portfolio Services ("OSI"). After this sale AT&T no longer owned the debt nor controlled nor directed any of OSI's collection efforts.

On April 4, 2002, plaintiff received a dunning letter from Gulf State which indicated that her $40.61 debt was unpaid, due, and owing and that she must repay it immediately. The letter clearly stated that Gulf State was collecting the debt on behalf of OSI, which had purchased plaintiff's past-due account from AT&T. Plaintiff

contacted Gulf State to dispute the debt, and on May 24, 2002, Gulf State sent plaintiff a letter stating that her account had been closed and reference to it would be deleted from Gulf State's next credit bureau reporting cycle.

On September 25, 2002, plaintiff obtained a copy of her credit report from Equifax which contains an entry stating that her AT&T account was delinquent. The credit report names Palisades Collection (aka Gulf State) as the reporting company, the amount due as $41, the status as more than 120 days past due, and the date reported as May 2002. Plaintiff at no time paid AT&T, Gulf State, or any other entity any amount of money in satisfaction the $40.61 debt.

## II. DISCUSSION

Plaintiff claims that she has been defamed by AT&T's disclosure of her debt to collection agencies and credit companies because AT&T at all times knew that she did not owe the $40.61 and yet persisted in reporting to third parties that she did. AT&T maintains that it is entitled to summary judgment because AT&T did not make a false statement about plaintiff's account, did not publish the allegedly false statements which plaintiff complains of, and did not act with reckless disregard of plaintiff's rights, as is required to bring a defamation claim independent of the relief available under the Fair Credit Reporting Act ("FCRA").

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for

summary judgment, the court must view the record and any inferences to be drawn from it in the light most favorable to the party opposing summary judgment. *See Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir. 1991). The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing summary judgment may not rest upon the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no genuine issue for trial unless there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id.*

Though AT&T makes several valid arguments for why it should prevail on summary judgment, the court need address only one: that AT&T is not liable for defamation because its statement that plaintiff owed $40.61 on her account was true. To prove defamation, plaintiff must show (1) a false statement by AT&T, (2) an unprivileged publication of the defamatory statement; and (3) damages. *Haywood v. Lucent Technologies, Inc.*, 323 F.3d 524, 533 (7th Cir. 2003). An allegedly defamatory statement is not actionable if it is true. Thus, a plaintiff must prove "that the defendant either knew the statement to be false, or believing it to be true, lacked reasonable grounds for that belief." *Klug v. Chicago School Reform Bd. of Trustees*, 197 F.3d 853, 860 (7th Cir. 1999). A defendant invoking the truth defense need only establish the "substantial truth" of the allegedly defamatory statement, that the "gist"

or "sting" of the statement is true. *Harrison v. Chicago Sun-Times*, 793 N.E.2d 760, 767 (Ill. App. Ct. 2003).

Here, AT&T maintains that plaintiff actually owed $40.61 on her account and presents unrebutted evidence establishing its reasonable grounds for that belief. AT&T submits the affidavit of Mark Farinella, an attorney in AT&T's Law & Government Affairs department, whose job is to manage AT&T's compliance with collection laws. Farinella avers that AT&T conducted an internal review of plaintiff's debt upon receiving notice that plaintiff disputed the charge and concluded that the amount was actually owed. AT&T then complied with its three-part procedure for collecting debts by placing plaintiff's account with two separate collection agencies, and when those efforts failed, by selling plaintiff's account to a third agency, OPI. After the sale of plaintiff's account, AT&T no longer retained control of plaintiff's account. AT&T's internal reports of plaintiff's account confirm that these procedures were followed, and plaintiff offers no evidence showing that AT&T's accounting reports were flawed or its collection procedures were not followed.

Plaintiff's only evidence in support of her contention that AT&T knew its allegedly defamatory statement about her account was false is her own affidavit and deposition testimony stating that AT&T knew she did not owe any money to the company.[1] In her affidavit, plaintiff avers that after she disputed the charge by

---

[1] AT&T argues that plaintiff's affidavit must be stricken because it is improperly executed and contains material, *i.e.*, reference to a letter which plaintiff refuses to produce, deemed inadmissible under Fed. R. Evid. 1002. The court notes that after AT&T's motion to strike was filed, plaintiff filed with the court her

contacting AT&T, she "received correspondence from AT&T indicating the settlement of the alleged delinquent payment." In her deposition testimony, plaintiff again asserts that she received a "letter of settlement" from AT&T stating that the company would delete the charge from her account. When pressed on the details of this letter, plaintiff admitted that she could not remember exactly what the letter said and that "[m]y lawyer has the letter." Plaintiff failed to produce the letter when requested by AT&T during discovery and has offered no additional explanation about its contents.

In light of AT&T's evidence establishing that it had a reasonable basis for its belief that plaintiff in fact owed $40.61 on her account, plaintiff's conclusory and self-serving statements to the contrary are insufficient to defeat summary judgment on her defamation claim. Even if plaintiff's affidavit and deposition testimony were credited, plaintiff offers no evidence for the court to find that AT&T lacked a reasonable basis for believing that plaintiff's debt was owed. Plaintiff has simply not come forth with enough evidence to provide a basis for a jury verdict in her favor. Because plaintiff cannot prove that AT&T's allegedly defamatory statement about her past due account was false, she cannot establish the elements of her defamation claim.

---

signature page for the affidavit which she claims was inadvertently omitted from her response to AT&T's motion for summary judgment. The court finds that this submission rectifies any execution flaws in the affidavit. The court also finds that, while Rule 1002 states that a content of a writing must be proved by producing the original, plaintiff may avail herself of an exception to that rule which allows admission of the letter's contents through testimony when the document has been lost or destroyed. Fed. R. Evid. 1004. AT&T's motion to strike is therefore denied.

## III. CONCLUSION

Defendant AT&T's motion for summary judgment on plaintiff's defamation claim is granted.

ENTER ORDER:

Joan B. Gottschall
United States District Judge

DATED: September 2, 2004